**WO**

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Meadowlark Lemon, a married man,<br><br>Plaintiff,<br><br>v.<br><br>Harlem Globetrotters International, Inc., an Arizona corporation; et al.,<br><br>Defendants. | No. CV 04-0299 PHX DGC and<br>CV 04-1023 PHX DGC<br><br>**ORDER** |

The parties have filed several motions directed at the original and supplemental reports of Plaintiffs' investigator, Oliver Phipps. These include Defendants' Joint In Limine Motion to Exclude the Analysis of Oliver Phipps from Trial (Dkt. #427), Defendants' Motion to Strike the New Analysis of Oliver Phipps and Plaintiffs' Joint Supplemental Disclosure Statements (Dkt. #469), Defendant GTFM's Motion to Expedite Hearing (Dkt. #473), Plaintiffs' Joint Motion for Pre-Admission of Exhibits and Evidence and Notice of Intent to Use Summary of Voluminous Evidence Pursuant to Federal Rule of Evidence 1006 (Dkt. #474), and Plaintiffs' Joint Motion to Strike or Alternatively Response to Defendants' Motion to Strike the New Analysis of Oliver Phipps and Plaintiffs' Joint Supplemental Disclosure Statements (Dkt. #518). These motions concern an original analysis conducted by Mr. Phipps and considered in the Court's summary judgment ruling. *See Lemon v. Harlem Globetrotters Int'l, Inc.,* 437 F.Supp.2d 1089 (D. Ariz. 2006). The motions also include new analyses by Mr. Phipps disclosed on October 27 and November 1, 2006.

The Court's original Case Management Order, entered on April 29, 2004, required Plaintiffs to "provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than February 25, 2005." Dkt. #26, ¶ 5(a). The order advised the parties that "the Court intends to enforce the deadlines set forth in this order, and should plan their litigation activities accordingly." *Id.* at ¶ 9. The Court entered an Amended Case Management Order on October 6, 2004, following the consolidation of these cases, which contained the same requirement for Plaintiff's "full and complete expert disclosures" by February 25, 2005 and the same admonition that the deadlines are real. Dkt. #79 ¶¶ 5(a), 10. In an order dated April 8, 2005, the Court extended the deadline for Plaintiffs' expert reports to July 22, 2005, but again required "full and complete expert disclosures." Dkt. #114, ¶ 2.

These orders repeatedly advised Plaintiffs that full and complete expert reports would be required in accordance with Rule 26(a)(2) and on the dates set by the Court. Rule 26(a)(2) in turn requires that expert reports "contain a complete statement of all opinions to be expressed [by the expert] and the basis and the reasons therefor." Fed. R. Civ. P. 26(a)(2)(B). The Advisory Committee notes to Rule 26 (1993 Amendments) make clear that the report should "set forth the substance of the [expert's] direct examination, [and] should be written in a manner that reflects the testimony to be given by the witness[.]"

Plaintiffs disclosed their initial damages report from CPA Sandra Abalos on July 22, 2005. The report contained no opinion on damages (other than the conclusion that damages could not be calculated on the then-existing record) and clearly did not comply with the Court's requirement for "full and complete expert reports." In a discovery conference call on August 3, 2005, Defendants asked the Court to strike the Abalos report. Dkt. #143. The Court considered doing so, noting that the report clearly failed to comply with the Court's orders and the requirements of Rule 26(a)(2). Plaintiffs argued that a complete report was not possible

because Defendant had not made full discovery disclosures, but the Court noted that Plaintiffs had made no effort to seek the Court's assistance in securing such disclosures, nor had Plaintiffs sought an adjustment to the existing litigation schedule when they allegedly were unable to comply with the Court's orders. *Id.* at 2. Moreover, the Court concluded that Plaintiffs had been given ample time to obtain the necessary discovery.

The Court concluded that striking of the Abalos report would be too harsh a sanction and instead permitted Plaintiffs to file a second report by August 19, 2005, with Defendants filing a responsive report by September 16, 2005. The Court ruled that "[b]ecause this adjustment will consume all of the remaining time in the litigation schedule, Plaintiffs will not be permitted to file a rebuttal report. Loss of the rebuttal report will be the sanction Plaintiffs incur for their failure to comply with the Court's orders." *Id*. at 2-3. The Court then gave this caution:

> Plaintiffs and Defendants are cautioned that expert disclosures must be full and complete and must contain all opinions to be expressed by the experts. The parties should not plan on filing supplemental expert opinions. The supplementation permitted by Rule 26(e)(1) must be made "by the time the parties' disclosures under Rule 26(a)(3) are due." Rule 26(a)(3) in turn states that disclosures must be made at least 30 days before trial "[u]nless otherwise directed by the Court." Fed. R. Civ. P. 26(a)(3)(C). In this order and previous orders, the Court has otherwise directed. Full and complete expert disclosures must be made by the dates set forth below.

*Id.* at 3.

Plaintiffs produced an allegedly complete report from Ms. Abalos on August 19, 2005. Several months later, in the voluminous briefing on motions for summary judgment, Plaintiffs relied exclusively on the Abalos report in support of their damages claim. Defendants argued that the Abalos report made no attempt to identify damages suffered by individual Plaintiffs, but instead merely provided an aggregate damages number that Defendants should pay to Plaintiffs as a group. The Court agreed that the Abalos report was defective in failing to specify the damages for individual plaintiffs and, as a result, ruled that it could not support

1 Plaintiffs' position in response to Defendants' motions for summary judgment. *Lemon*, 437
2 F.Supp.2d at 1104-1107.

3 During the hearing on the parties' motions for summary judgment, the Court asked
4 Plaintiffs' counsel if they had any evidence of damages suffered by individual Plaintiffs.
5 Although counsel could not identify such evidence during the hearing, counsel subsequently
6 filed a Motion for Leave to Answer the Court's Request for Evidence Location During Oral
7 Argument at Summary Judgment Hearing. Dkt. #419. The motion asked the Court to consider
8 a chart prepared by Mr. Phipps summarizing sales of relevant products for the years 2002-
9 2004 (hereinafter, "Phipps I"). Plaintiffs also asked the Court to consider an October 8, 2003
10 letter from HGI to Plaintiff Thornton ("HGI Letter").

11 Defendants opposed the Court's consideration of this evidence. Defendants noted that
12 it was mentioned nowhere in the Abalos report and had never been relied on in support of
13 Plaintiffs' damages claims. Defendants also explained, at some length, how Ms. Abalos could
14 have calculated damages for the individual Plaintiffs, but did not. Because Plaintiffs clearly
15 could have performed such calculations within the schedule set by the Court for expert
16 discovery, Defendants argued that new evidence should not be considered.

17 In fairness to Plaintiffs, the Court decided to consider the new evidence. 437
18 F.Supp.2d at 1106. The Court noted that Defendants had not clearly sought summary
19 judgment on the failure to specify individual damages until their reply brief. *Id*. Thus,
20 Plaintiffs did not have an opportunity to respond prior to the hearing on the summary judgment
21 motions. Th Court concluded that Plaintiffs "should in fairness be afforded an opportunity to
22 present their evidence of individual damages before summary judgment is entered against
23 them." *Id*. (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (parties against whom
24 summary judgment is sought should be given notice that they must come forward with all of
25 their evidence)). After considering Phipps I and the HGI Letter, the Court entered this very
26

-4-

1  specific order concerning the damages evidence available at trial: "Plaintiffs may use the HGI
2  Letter and Sales Chart [Phipps I] to prove damages for the specific years and amounts
3  addressed in those documents; (2) Plaintiffs will not be permitted to use the HGI Letter and
4  Sales Chart [Phipps I] to extrapolate individual damages from Abalos' aggregate numbers or
5  to ask the jury to do so; (3) because the Abalos report and testimony contains no
6  individualized damages calculation, it is irrelevant and may not be presented at trial." *Id.* at
7  1107. The Court denied Defendants' motion for summary judgment "to the extent Plaintiffs
8  may establish damages based on the HGI Letter and Sales Chart [Phipps I] numbers," but
9  granted the motion with respect to aggregate damages contained in the Abalos report. *Id.* The
10 Court's order was entered on June 27, 2006. Dkt. #425.

11 On October 27, 2006, only days before the parties' filings were due for the Final
12 Pretrial Conference (*see* Dkt. #426), Plaintiffs provided Defendants with a new affidavit from
13 Oliver Phipps ("Phipps II"). This affidavit attached a number of charts and other materials and
14 increased Mr. Phipps' estimate of Plaintiffs' damages from approximately $2 million to more
15 than $12 million. Dkt. #470, Ex. B. Four days later, on October 31, 2006, Plaintiffs provided
16 Defendants with yet another affidavit of Oliver Phipps ("Phipps III"), purporting to correct
17 some of the information contained in Phipps II. Dkt. #470, Ex. N. In arriving at his new
18 numbers, Mr. Phipps purported to use the form of analysis Defendants had described in their
19 opposition to the use of Phipps I. *See* Dkt. #470, Ex. B at 4. As noted above, Defendants had
20 explained in some detail how Ms. Abalos could have arrived at calculations of individual
21 damages, but did not. Mr. Phipps undertook to perform the missing calculations.

22 Plaintiffs seek to justify the untimely filing of Phipps II and III on a number of
23 grounds. They argue that these documents are not expert reports. The Court disagrees. The
24 documents specifically seek to perform the analysis Ms. Abalos failed to perform, as noted by
25 Defendants in response to Phipps I. Moreover, Phipps II and III include judgments about sales
26

attributable to particular Plaintiffs from a number of sources, calculations of per-Plaintiff averages, and totals for each Plaintiff. They are classic expert damages calculations. Phipps II and III use technical or other specialized knowledge to assist the trier of fact in understanding the damages suffered by Plaintiffs, within the meaning of Federal Rule of Evidence 702. The calculations set forth in Phipps II and III therefore should have been disclosed by the expert disclosure deadlines established by the Court. Indeed, the Court cautioned Plaintiffs that supplementation of expert opinions would not be permitted. Dkt. #143.

Plaintiffs also argue that Phipps II and III are based on recently discovered evidence. Mr. Phipps himself explained, however, that his calculations were based on data produced by Defendants between January and September of 2005. Dkt. #470, Ex. B at 2.

Plaintiffs argues that Phipps II and III are summaries of evidence admissible under Rule 1006. Again, the Court disagrees. Phipps II and III do not purport merely to summarize evidence that is otherwise admissible. They apply analysis and calculations to that evidence, arriving at a specific damages number for each Plaintiff. They are expert reports.

Plaintiffs make various other arguments, none of which is persuasive. The Court could not have been clearer concerning Plaintiffs' expert disclosure obligations. Phipps II and III are clear violations of the Court's orders. These calculations could have been presented within the time required in the Case Management Order and Amended Case Management Order, but instead were disclosed more than 13 months after the expert disclosure deadline and on the eve of the Final Pretrial Conference.

The Court concludes that the delay in disclosure of Phipps II and III is neither substantially justified nor harmless. Had the calculations been timely disclosed, Defendants would have deposed Mr. Phipps on his analysis and likely would have retained one or more responsive experts. Because the delay was not substantially justified or harmless, Plaintiffs

will not be permitted to use Phipps II or III at trial. Fed. R. Civ. P. 37(c)(1).

Defendants also seek to exclude Phipps I, arguing that it was never disclosed during discovery. The Court concludes, however, that the use of Phipps I at trial will be harmless. Defendants have been aware of this analysis since June of 2006. Indeed, Defendants state in their motion to strike that they have completed "a style-by-style and Plaintiff-by-Plaintiff cost and profit analysis" of Phipps I and have included it in their proposed trial exhibits. Dkt. #469 at 4. The Court will not preclude Plaintiffs from using Phipps I at trial.[1]

So there can be no confusion, the Court holds that Plaintiffs may use Phipps I and the HGI Letter to prove their individualized damages at trial. Plaintiffs may not use Phipps II or III and may not rely on the aggregate numbers contained in the Abalos report. Plaintiffs' expert evidence on damages will be limited to Phipps I.

**IT IS ORDERED:**

1. Defendants' Joint In Limine Motion to Exclude the Analysis of Oliver Phipps from Trial (Dkt. #427) (Phipps I) is **denied**.

2. Defendants' Motion to Strike the New Analyses of Oliver Phipps and Plaintiff's Joint Supplemental Disclosure Statements (Dkt. #469) (Phipps II and III) is **granted**.[2]

---

[1] Defendants ask the Court to limit the Phipps I analysis to the years 2002 and 2003 on the basis of a typo contained in the Court's order of June 27, 2006. Dkt. #427 at 3 n. 2. *See* 437 F.Supp.2d at 1106 ("The HGI Letter and Sales Chart provide the amount of sales for Plaintiff for 2002-03."). This request is patently unreasonable. The Court specifically ruled that Plaintiffs may use the HGI Letter and Sales Chart "to prove damages for the specific years and amounts addressed in those documents." *Id*. at 1107.

[2] Plaintiffs' supplemental disclosure statements apparently included evidence other than Phipps II and III. Because Defendants do not address this evidence in their motion, the Court does not address it in this order. The Court denies Defendants' request for sanctions. The Court concludes that precluding Plaintiffs from using Phipps II and III is sanction enough.

-7-

3. Defendants' Motion to Expedite Hearing (Dkt. #473) is **denied**.

4. Plaintiffs' Joint Motion for Pre-Admission of Exhibits (Dkt. #474) is **denied** to the extent it concerns Phipps II and III.

5. Plaintiffs' Joint Motion to Strike or Alternatively Response to Defendants' Motion to Strike (Dkt. #518) is **denied**.

DATED this 5th day of December, 2006.

*Daniel G. Campbell*
—————————————————
David G. Campbell
United States District Judge

-8-