**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Meadowlark Lemon, a married man,<br><br>Plaintiff,<br><br>v.<br><br>Harlem Globetrotters International, Inc., an Arizona corporation; et al.,<br><br>Defendants. | No. CV 04-0299 PHX DGC and<br>CV 04-1023 PHX DGC<br><br>**ORDER** |

A Final Pretrial Conference was held on December 6, 2006. Counsel appeared on behalf of Plaintiff and Defendant. On the basis of the parties' written submissions and the hearing,

**IT IS HEREBY ORDERED:**

1. Trial in this matter shall begin on **January 23, 2007, at 9:00 a.m.** Counsel should appear and be ready to proceed by 8:30 a.m.

2. The trial shall last **7** days (January 23-26 and February 6-8, 2007). Plaintiffs shall be allotted **20** hours of trial time and Defendants shall be allotted **16** hours of trial time. The Court will keep track of each side's time. Opening and closing statements, direct examination, and cross-examination shall be counted against the parties' allotted time.

3. A final conference shall be held on **January 18, 2007, at 4:30 p.m.** in Courtroom 603, Sandra Day O'Connor Federal Courthouse, 401 West Washington Street, Phoenix, Arizona 85003. Out-of-state counsel may participate by telephone.

4.      The parties' proposed final pretrial order was approved by the Court as the final pretrial order in this case. The Court also informed the parties that the objections set forth by Plaintiffs in Dkt. #557 will be deemed to be part of the final pretrial order. *See* Dkt. #560 at 6 n.3. The order shall govern the presentation of evidence and other trial issues, and, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, shall be modified only to prevent manifest injustice. Evidence, objections, legal arguments, and relief not requested or identified in the order shall not be available at trial, except to prevent manifest injustice.

5.      The Court ruled on the parties' motions in limine and other motions in Dkt. ##559, 560.

7.      The Court provided the parties with the Court's proposed preliminary jury instructions and voir dire questions. These instructions and questions will be discussed during the conference to be held on **January 18, 2007.**

8.      Before the final pretrial conference, the Court entered an order limiting the expert evidence Plaintiffs may submit in support of their damages claim. Dkt. #559. The Court held that Plaintiffs can present the evidence contained in the document referred to as Phipps I, but not the evidence contained in Phipps II and III. *Id.*

In response to this ruling, Plaintiffs' counsel asked whether they could present the damages numbers contained in Phipps II and III through lay witness testimony. Counsel explained that they would ask Defendants' employees to confirm sales figures found in documents produced by the Defendants in this case. Through this questioning, and by having the defense witnesses confirm that the sales were actually received by Defendants, Plaintiffs would establish the true sales revenue received by Defendants as a result of the alleged misappropriation of Plaintiffs' personas.

The Court asked Plaintiffs' counsel if the numbers to be elicited through this questioning would be the same as those contained on Phipps II. Counsel responded that they

would, but that the numbers would be presented through lay witnesses, not through an untimely expert disclosure. When the Court asked if these damages computations had been disclosed to Defendants as required by Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure, Plaintiffs' stated said that they had been disclosed on October 27, 2006, through Phipps II.

The Court held that Plaintiffs could not present the evidence of additional damages through lay witnesses. This holding was based on the Court's conclusion that such damages had not been timely disclosed to Defendants as required by Rule 26(a)(1)(C) and (e)(1). Mr. Phipps stated in an affidavit that the damages calculations contained in Phipps II and III were based on data produced by Defendants between January and September of 2005. Dkt. #470, Ex. B at 2. Damages calculations based on these disclosures should have been made during the discovery period, which ended on September 30, 2005. Plaintiffs' counsel noted that many of the relevant defense documents were not disclosed until the end of the discovery period, and some additional information was received by Defendants in the month or two following the close of discovery. Rule 26(a)(1) states, however, that "[a] party must make its initial disclosures based on the information then reasonably available to it, and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." Moreover, Rule 26(e)(1) states that parties have a duty to supplement or correct disclosures to include "information thereafter acquired." The rule requires that the supplemental disclosures be made "at appropriate intervals."

In this case, Plaintiffs had some of the information required for damages disclosures during the discovery period that ended in September of 2005, and virtually all of the information within a few months thereafter. Plaintiffs should have made disclosures of their damages calculation during the discovery period and, if necessary, should have supplemented their disclosures after receiving the additional information from Defendant. They did not do

so. Instead, Plaintiffs waited more than one year before disclosing their damages calculations. The calculations were disclosed on October 27, 2006, only four days before the parties were required to meet and prepare the proposed final pretrial order. Dkt. #436. This late disclosure afforded Defendants no time to prepare a response to Plaintiffs' damages calculations.

As the Court also noted, Plaintiffs had ample time during the discovery period to secure whatever information was necessary to complete their damages calculations. Discovery began in early 2004 and did not end until September of 2005. Plaintiffs delayed undertaking the discovery necessary for their case, undertaking much of it in August, 2005. Dkt. ##143, 148. If Plaintiffs did not receive necessary information until the close of discovery, it was in large part due to their own failure to seek such discovery earlier. Plaintiffs now complain that Defendants were not fully responsive to Plaintiffs' discovery requests, but Plaintiffs never raised this issue with the Court during the discovery period.

Rule 37(c)(1) provides that a party that fails to disclose information in accordance with Rule 26(a) and (e)(1) will not be permitted to use such information at trial unless the delayed disclosure was either substantially justified or harmless. Plaintiffs' October 27, 2006 disclosure satisfies neither of these criteria. The delay in making the disclosures was not substantially justified. Plaintiffs should have made the disclosures more than one year earlier than October 27, 2006. Nor was the delay harmless. Although Plaintiffs argue that the information used in their damages calculations came from Defendants, Defendants are entitled to see Plaintiffs' damages calculation and to know how they have arrived at the calculation. Only with such disclosures can Defendants prepare to meet Plaintiffs' case. Disclosures more than one year after the close of discovery and only four days before evidence is to be compiled for trial do not afford Defendants a reasonable opportunity to prepare a response to Plaintiffs' damages case. For this reason, the delayed disclosure was not harmless.

The Court accordingly ruled that Plaintiffs will not be permitted to present the damages claims contained in Phipps II and III through lay witnesses. Plaintiffs' damages

1   claims will be confined to the numbers asserted in Phipps I. Dkt. #559.

2        9.     The Court informed the parties that it will seat 9 jurors for this case.

3        10.     The Court ordered counsel for the parties to confer with Judge Anderson within
4   one week of the final pretrial conference in order to schedule a settlement discussion among
5   counsel and Judge Anderson.

6        11.     The Court ordered the parties to provide the Court with highlighted transcripts
7   of any deposition testimony that will be presented through videotape. Objections requiring
8   the Court's ruling should be noted on the transcripts. The transcripts should be delivered to
9   the Court's chambers.

10   DATED this 7th day of December, 2006.

*[signature: Daniel G. Campbell]*

David G. Campbell
United States District Judge