**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meadowlark Lemon, a married man,<br><br>       Plaintiff,<br><br>vs.<br><br>Harlem Globetrotters International, Inc., an Arizona corporation; Harlem Globetrotters International Foundation, Inc., an Arizona corporation; Mannie L. Jackson and Catherine Jackson, husband and wife; FUBU the Collection, L.L.C., a New York limited liability company,<br><br>       Defendants. | No. CV-04-299-PHX-DGC<br><br>**ORDER** |

      Plaintiff Meadowlark Lemon, who prevailed at trial on his state law tort claim for invasion of the right of publicity, has filed a motion for award of attorney's fees. Dkt. #622. Defendants have filed a response to the motion and Plaintiff has filed a reply. Dkt. ##637, 644. As explained below, the Court will deny the motion.

      Plaintiff seeks an award of fees under A.R.S. § 12-341.01. Dkt. #622. "Section 12-341.01(A) allows an award of attorneys' fees to be made 'in any contested action arising out of a contract[.]'" *Robert E. Mann Constr. Co. v. Liebert Corp.*, 60 P.3d 708, 713 (Ariz. Ct. App. 2003) (alteration omitted). Plaintiff contends that this action arose out of his past player contracts because the contracts delineated licensing rights. Dkt. #622 at 5.

      "An action arises out of contract under A.R.S. § 12-341.01(A) if it could not exist

'but for' the contract." *Hanley v. Pearson*, 61 P.3d 29, 33 (Ariz. Ct. App. 2003) (quoting *Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1141 (Ariz. 1982)). In this case, Plaintiff's right of publicity claim did not depend on the existence of a contract. To prevail on a right of publicity claim, a plaintiff must show (1) the defendant's use of the plaintiff's name or likeness, (2) the appropriation of the plaintiff's name or likeness to the defendant's advantage, (3) lack of consent, and (4) resulting injury. *See Pooley v. Nat'l Hole-In-One Ass'n*, 89 F. Supp. 2d 1108, 1111 (D. Ariz. 2000). A plaintiff can assert this tort claim against anyone who has invaded his publicity rights. The lack of a contractual relationship between the parties, such as Plaintiff and Defendant GTFM in this case, does not preclude the claim.

This action did not arise out of contract merely because Defendants took the position that Plaintiff had consented to the use of his name through his player contracts. Arizona law is clear that even where a defendant is successful in asserting contract rights as a defense to a tort action, the action does not arise out of contract for purposes of § 12-341.01(A). In *Benjamin v. Gear Roller Hockey Equipment, Inc.*, 11 P.3d 421 (Ariz. Ct. App. 2000), the plaintiff brought a negligence action against the owner of a skating rink after the plaintiff was injured during a hockey game. The trial court granted summary judgment for the defendant based on a waiver and release of liability the plaintiff had signed prior to playing in the game. The defendant sought its attorney's fees under § 12-341.01(A). In denying the fee request, the Arizona Court of Appeals stated:

> [Defendant] asserts that this dispute arose out of a contract – namely the Waiver and Release of Liability contract. However, this is a negligence action, not a contract action. The thrust of Plaintiff's claim was in tort. Therefore, § 12-341.01(A) does not apply.

*Benjamin*, 11 P.3d at 425; *see also Fry's Food Stores of Ariz., Inc. v. Mather & Assocs., Inc.*, 900 P.2d 1225, 1228 (Ariz. Ct. App. 1995) (holding that a negligence action against building contractors was not "based in contract" and noting that the Arizona "'legislature clearly did not intend that every tort case would be eligible for an award of fees whenever the parties had some sort of contractual relationship'") (citation omitted); *Sirek v. Fairfield Snowbowl,*

- 2 -

*Inc.*, 800 P.2d 1291, 1296 (Ariz. Ct. App. 1990) (denying fee request in a negligence action because it "was not one 'arising out of a contract'" under § 12-341.01(A)). Other Arizona courts have held that a tort action does not arise out of contract for purposes of § 12-341.01(A) even though a contract was a factor giving rise to the litigation. *See Robert E. Mann Constr.*, 60 P.3d at 713 (products liability suit); *Sparks*, 647 P.2d at 1142 (misrepresentation action); *Lewin v. Miller Wagner & Co.*, 725 P.2d 736, 744-45 (Ariz. Ct. App. 1986) (accounting malpractice action); *Barmat v. John & Jane Doe Partners*, 747 P.2d 1218, 1222 (Ariz. 1987) (legal malpractice action); *Nelson v. Phoenix Resort Corp.*, 888 P.2d 1375, 1388-89 (Ariz. Ct. App. 1995) (emotional distress claim).

Where, as here, "the cause of action does not depend on the existence of a contract, . . . the 'but for' test of *Sparks* is not satisfied." *Barmat*, 747 P.2d at 1222. Section 12-341.01(A) is therefore not applicable to this action. *See id.*; *Coleman v. Watts*, 87 F. Supp. 2d 944, 957 (D. Ariz. 1998).

**IT IS ORDERED** that Plaintiff Meadowlark Lemon's motion for award of attorney's fees (Dkt. #622) is **denied**.

DATED this 23rd day of April, 2007.

_____
David G. Campbell
United States District Judge